The Honorable Rick Green State Representative 1807 Bunker Hill Drive Van Buren, Arkansas 72956-2836
Dear Representative Green:
I am writing in response to your request for an opinion on the following:
 Would you please opine on whether or not undocumented individuals may enroll in Arkansas's public colleges and universities? Do the schools have a duty to verify the citizenship of [their] admittees?
RESPONSE
In my opinion, the answers to these questions are "yes" and "no," respectively, in the absence of a rule or regulation that has been adopted by a college or university refusing admission and enrollment to undocumented individuals. I am unaware whether any Arkansas college or university has adopted such a rule or regulation. I should also note, however, that the answers to these questions depend to some extent upon the proper interpretation of federal law. Questions of federal law are generally outside the scope of an opinion from this office. You may consequently also wish to contact the U.S. Attorney's Office regarding these matters.
The issue regarding higher education for undocumented students requires an analysis of both state and federal law.[1] With regard to your particular question *Page 2 
concerning enrollment, it appears that the most relevant state law on the topic provides that:
 Each board of trustees of each educational institution of higher learning supported, in whole or in part, by the State of Arkansas, shall have the right to adopt rules and regulations for the admission and enrollment of students in the respective institutions of higher learning under the control of such board of trustees, expressly including the right to refuse admission and enrollment to any person who comes to the State of Arkansas solely for the purpose of securing admission, enrollment, and educational advantages at the expense of the State of Arkansas.
A.C.A. § 6-60-201(a) (Repl. 2003).
This general statute invests each institution with authority to adopt rules and regulations regarding admission to the institution. I have previously opined that the statute invests colleges and universities with substantial discretion as to the fashioning of any such rules and regulations. See Op. Att'y Gen. 2007-065. As I observed in that opinion, "[i]t has been stated that `In general, admission to a school is a privilege and not, standing alone, a constitutional or property right, subject to the exception that the rules and regulations for admission are not discriminatory, arbitrary, or unreasonable.' 14A C.J.S.Colleges and Universities § 31, citing Lister v. Hoover, 706 F.2d 796
(7th Cir. 1983). Id.
It is thus conceivable that an Arkansas college or university might have in place a rule or regulation refusing admission and enrollment to undocumented individuals and requiring verification of citizenship. I am unaware, however, whether any institution has adopted such a rule or regulation.[2] If any institution has done so, a definitive answer to your questions would require review of such. *Page 3 
With regard to federal law in this area, there are two federal statutes that mention immigration status in the context of higher education: 8 U.S.C. § 1623 (part of the Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA")), and 8 U.S.C. § 1621 (part of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (PRWORA"). According to my research, there are only a few cases addressing the application of these laws in relation to postsecondary education admission criteria; and the cases are not in accord.Compare Equal Access Education v. Merten, 305 F. Supp. 2d 585, 601-08
(E.D. Va. 2004) (policy of Virginia post-secondary institutions in denying admission to illegal aliens was not preempted by federal immigration authority) with League of United Latin American Citizens v.Wilson, 997 F. Supp. 1244, 1255-56 (C.D. Cal. 1997) (California's Proposition 187, barring undocumented students from attending public colleges and universities, was preempted by PWRORA and IIRIRA).
Significantly, however, the U.S. Department of Homeland Security has expressed the view that it is left for states to decide whether or not to enroll out-of-status or undocumented individuals in public institutions of higher education. See Letter from Sheriff (Ret.) Jim Pendergraph, Executive Director, Office of State and Local Coordination, U.S. Dept. of Homeland Security to Thomas J. Ziko, Special Deputy Attorney General, N.C. Department of Justice (July 9, 2008) (stating that "admission to public post-secondary educational institutions is not one of the benefits regulated by [IIRIRA] and is not a public benefit under [PRWORA,]" emphasis original, but noting that "any state policy or legislation on this issue must use federal immigration status standards to identify which applicants are illegal aliens.")
Given that enforcement and administration of the PRWORA rests with the Secretary of Homeland Security, see 8 U.S.C. § 1103(a)(1) and Day v.Bond, 500 F.3d 1127, 1139 (10th Cir. 2007) (only Secretary of Homeland Security has standing to bring legal action to enforce 8 U.S.C. § 1621 et seq.), I believe it is reasonable to defer to this interpretation of the relevant federal law by Homeland Security. Accordingly, in the absence of a rule or regulation adopted pursuant to A.C.A. § 6-60-201, discussed above, it is my opinion in response to your specific questions that undocumented individuals may enroll in Arkansas's public colleges and universities and that such schools are not obliged to verify citizenship as a condition of enrollment. *Page 4 
It should be recognized as a final matter, however, that ordinarily it is not the role of this office to opine on questions of federal law. For further information about the impact of federal law upon your question, it would be advisable to consult with the Office of U.S. Attorney.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] Reference to federal law is necessary in light of the dominant role of federal law in the immigration area. The United States Supreme Court has recognized that the "[p]ower to regulate immigration is unquestionably exclusively a federal power." DeCanas v. Baca,424 U.S. 351, 354 (1976).
[2] I should note that I am aware of a memorandum that was issued by the Director of the Department of Higher Education to the presidents and chancellors of the state's higher education institutions which addresses the matter of offering in-state tuition to students not legally present in the United States. Memorandum from Dr. Jim Purcell regarding "Compliance with federal immigration law" (May 22, 2008). As explained further herein, however, it appears that eligibility for in-state tuition is a matter separate from the matter of enrollment of undocumented individuals in the state's public colleges and universities. Your questions pertain solely to the question of enrollment, and this opinion is limited to that issue. *Page 1